UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMIEN ABUSAFIEH,<br><br>                     Petitioner,<br>     v.<br><br>R.K. WONG, Warden,<br><br>                     Respondent. | No. C 06-06369 JW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

### INTRODUCTION

Petitioner Amien Abusafieh, a California state prisoner who is proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that various trial errors resulted in an unconstitutional conviction and sentence. The Court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer. Petitioner has not filed a traverse even though he had adequate time to do so. Having reviewed the briefs and the underlying record, the Court concludes that petitioner is not entitled to relief based on the claims presented and will deny the petition.

### BACKGROUND

The charges against petitioner arose from his participation in the manufacturing of methamphetamine. In January 1999, Contra Costa County sheriff deputies and policemen arrested petitioner and several criminal associates after executing a warrant which was

issued in connection with an investigation into methamphetamine manufacture. People v. Abusafieh, No. A101980, 2005 WL 1041329 at *1-4 (Cal. Ct. App. May 5, 2005) ("Op.").

A Contra Costa Superior Court jury found petitioner guilty of manufacturing methamphetamine (Cal. Health & Safety Code § 11379.6 (a)), possessing the components pseudoephedrine/ephedrine with the intent to manufacture methamphetamine (Id., § 11383(c)(1)), recklessly evading a peace officer (Cal. Veh. Code § 2800.2(a)), selling methamphetamine (Health & Safety Code § 11379(a)), possession of a controlled substance with a firearm (Id., § 11370.1(a)), and possession of a firearm by a felon (Cal. Pen. Code § 12021(a)(1)). Op. at 1. The jury also found true that petitioner was armed with a firearm in the commission of all charges (Cal. Pen. Code § 12022(a)(1), (c), not including the components possession charge and the two firearm charges. Op. at 1. As to sentencing:

> The trial court found the strike[, Cal. Pen. Code, §§ 667(a), (b)-(i), 1170.12,] and prior prison term[, Cal. Pen. Code § 667.5(b),] true. After selecting the manufacturing count as the principal term, the court imposed consecutive terms for evading an officer, transporting a controlled substance, and being a felon in possession of a firearm, sentencing [petitioner] to an aggregate term of 19 years 8 months in state prison.

Op. at 1.

Petitioner appealed. The California Court of Appeal for the First Appellate District, in an unpublished decision, denied his appeal and affirmed the judgment. Id. Petitioner has not filed any state habeas petitions challenging his convictions. Pet. at 4-5. Petitioner filed the instant federal habeas action in 2006.

As grounds for federal habeas relief, petitioner alleges that (1) the trial court erred in excluding evidence impeaching the credibility of a police witness; (2) the trial court abused its discretion by admitting profile evidence to prove that petitioner was involved in manufacturing methamphetamine; (3) the prosecution's comments that petitioner failed to explain why he fled the scene of the crime violated petitioner's Fifth Amendment right to remain silent; and (4) the trial court erred when it imposed consecutive sentences

without submitting the aggravating factors first to a jury to prove beyond a reasonable doubt. Order to Show Cause ("OSC") at 2-3; Pet., P. & A. at 1-12.

## STANDARD OF REVIEW

A federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d) applies to a habeas petition from a state prisoner challenging the denial of parole. See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." See Williams (Terry), 529 U.S. at 413.

A reviewing federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the

1  application must be "objectively unreasonable" to support granting the writ. Id. at 409.

2  The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case the opinion of the California Court of Appeal for the First Appellate District. See Nunnemaker at 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079, n.2 (9th Cir. 2000).

**DISCUSSION**

**I.      Exclusion of Evidence**

Petitioner contends that the trial court erred when it excluded impeachment evidence against an arresting officer, Sean Yates, thereby violating his rights to due process and to present a defense. Pet., P. & A. at 6.

The facts from which petitioner's claim arises are as follows. The prosecution "had made it clear that it did not intend to call Yates as a witness." Op. at 4; Ans., Ex. 2, Vol. 7 (Reporter's Transcript, 10/9/02) at 552.[1] The defense, however, proposed to call Yates to testify and then impeach his credibility. Id. at 562. Specifically, petitioner sought to introduce evidence of past incidents that implicated Officer Yates in thefts of cash allegedly taken during the execution of search warrants against supposed drug dealers. Op. at 4. This evidence took two forms, one, a transcript of a 2001 arbitration proceeding that resulted in Yates being restored to his job at the sheriff's department after he had been terminated, and two, calling the witnesses and victims of the thefts to testify. Op. at 5. Upon a motion from Yates, the trial court took possession of the evidence and ruled that they were privileged and protected from disclosure.[2] Id.; Ans., Ex. 2, Vol. 9 at

---

1. Unless otherwise noted, all citations to respondent's exhibits are to the Reporter's Transcript.

2. Whether the trial court correctly labelled these documents as privileged is not a concern of this Court, but a matter for the state court, despite petitioner's claim.

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Abusafieh369.hcruling.md.wpd            4

986-87. Yates, called by the defense, testified regarding the assault charges of which petitioner was found by the jury to be not guilty. Op. at 6.

The state appellate court, setting aside the issue whether the evidence was privileged, stated that, "[a]ny possible error in excluding that evidence was of no possible consequence to this case. Yates was not a prosecution witness, and the case against [petitioner] in no way hinged on Yates's credibility." Id. If the trial court had allowed this sort of evidence, it "would have opened the door to three time-consuming mini-trials that, in the end, had no rational bearing on the credibility of the prosecution's case." Id.

In presenting a defense, a criminal defendant has "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary . . . the right to present a defense, [and] the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." Washington v. Texas, 388 U.S. 14, 19 (1967).

That being said, what witnesses and evidence the parties may introduce at trial is limited. "State and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quotations and citations omitted); see also Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (holding that due process does not guarantee a defendant the right to present all relevant evidence). The exclusion of evidence does not violate the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Egelhoff, 518 U.S. at 42. The defendant, not the state, bears the burden to demonstrate this. Id. at 47 (internal quotations and citations omitted).

In deciding if the exclusion of evidence violates the due process right to a fair trial or the right to present a defense, the Court balances the following five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability;

---

challenging the trial court's declaration.

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Abusafieh369.hcruling.md.wpd                    5

1  (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole
2  evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of
3  the attempted defense. Chia v. Cambra, 360 F.3d 997, 1004 (9th Cir. 2004); Drayden v.
4  White, 232 F.3d 704, 711 (9th Cir. 2000).

5  Petitioner's claim is without merit. Applying the relevant Chia factors to this
6  claim bears out this conclusion. Specifically, Yates's testimony had no probative value
7  on the issues the prosecution presented and did not constitute a major part of the defense,
8  such as undermining confidence in the prosecution's evidence. In fact, Yates's testimony
9  was not part of the prosecution's case, which involved the presentation of other witnesses
10 and evidence whose validity petitioner was free to challenge, but was only introduced at
11 trial by the defense. Furthermore, Yates's testimony related to charges of which
12 petitioner was found not guilty, and, therefore, the exclusion of the credibility evidence
13 clearly had no effect on the verdict. Based on this record, the Court cannot say that the
14 exclusion of evidence violated petitioner's right to call witnesses in his defense or to
15 present his theory of the case.

## II.  Profile Evidence

17 Petitioner contends that the trial court abused its discretion by admitting the
18 testimony of Carl Webb, the Pittsburgh police officer who directed the arrest of petitioner,
19 who testified at trial as an expert on the manufacture of methamphetamine. Pet., P. & A.
20 at 9-10. Petitioner asserts that Webb's testimony was improper profiling evidence and
21 therefore prejudicial. Id.

22 The facts on which petitioner bases his claim are as follows. At trial, Webb
23 testified that the person who actually manufacturers the drug has an assistant called a
24 "mope," a person who gathers and transports drug ingredients and acts as a look-out. Op.
25 at 4. Trial counsel objected to Webb's testimony, stating the petitioner had a "right to be
26 tried on on the evidence before him . . . It's just improper opinion evidence, and it's
27 improper profiling." Ans., Ex. 2, Vol. 9 at 1195. In overruling the objection, the trial
28 court stated that Webb "is not going to offer any opinion that anybody in this case fits a

mope profile [and] he is not going to offer simply an opinion about whether somebody [such as petitioner] fits a profile but rather elements of, in his experience, participation in manufacturing labs." Id. at 1204. The state appellate court defined "improper profile evidence" as "evidence of a person's characteristics or conduct, innocent in themselves, that happen to fit within a frequently observed profile of persons who commit a specified offense." Op. at 7.

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999); Colley v. Sumner, 784 F.2d 984, 990 (9th Cir.). Failure to comply with state rules of evidence is neither a necessary nor a sufficient basis for granting federal habeas relief on due process grounds. See Henry, 197 F.3d at 1031; Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).

Petitioner's claim is without merit. As an initial matter, petitioner has failed to state what specific constitutional guarantee the trial court allegedly violated by admitting Webb's testimony. Second, petitioner has not shown that the result of the trial court's ruling resulted in the denial of a fundamentally fair trial. The record indicates that Webb's testimony regarding "mopes" was a small part of his larger, general description of how methamphetamine is manufactured, rather than a rendering of his opinion that petitioner was a "mope" or the presentation of a statement that so closely described petitioner that the jury would infer Webb was speaking of petitioner. Finally, petitioner does not provide a sufficient basis for granting federal habeas relief because his claim is based largely on an alleged failure to comply with state rules of evidence.

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Abusafieh369.hcruling.md.wpd           7

### III. Prosecutorial Misconduct

Petitioner contends that the prosecutor violated his Fifth Amendment right against self-incrimination, as defined in Griffin v. California, 380 U.S. 609 (1965). The facts on which petitioner bases his claim are as follows. The prosecutor, during the rebuttal portion of the her closing argument, stated:

> Yates is the one who made a mess of this? Yates didn't leave a mess of anything. The only one to blame for what happened, the only one who's responsible for what happened out there is [petitioner].
>
> And I did not hear once during the closing arguments of counsel a reason why the [petitioner] ran.
> . . .
>
> In his argument, [trial counsel] said there are reasons why he took off or words to that effect. And then we didn't hear –
> . . .
>
> [T]he fact is there is absolutely no explanation, if you will, during the course of the argument and the evidence that supports why [petitioner] ran.
>
> Now, I gave you a whole bunch of examples and reasons and circumstantial evidence looking into the mind of the [petitioner] on the 12th of January of 1999, and I heard nothing rebutting those explanations, ladies and gentlemen.
>
> And the reason is there aren't any. There aren't any reasonable inferences from the evidence, circumstantial evidence, about why [petitioner] ran except that it shows a consciousness of guilt on his part.

Ans., Ex. 2, Vol. 12, 2308-09. Trial counsel objected under Griffin, believing the prosecutor's remarks improperly called attention to petitioner's failure to testify. Id. The trial court overruled trial counsel's Griffin objections. Id.

Where a prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant's silence, or to treat the defendant's silence as substantive evidence of guilt, the defendant's privilege against compulsory self-incrimination is violated. See Griffin v. California, 380 U.S. 609, 615 (1965). While it is proper for the prosecution to address the defense arguments, a comment is impermissible if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Abusafieh369.hcruling.md.wpd         8

would naturally and necessarily take it to be a comment on the failure to testify. See Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir. 1987) (citing United States v. Bagley, 772 F.2d 482, 494 (9th Cir. 1985)). However, such commentary by the prosecutor requires reversal only if "(1) the commentary is extensive; (2) an inference of guilt from silence is stressed to the jury as a basis for the conviction; and (3) where there is evidence that could have supported acquittal." Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993) (citation omitted). Put differently, such improper commentary warrants reversal only if it appears that it may have affected the verdict. See Lincoln, 807 F.2d at 809; see also United States v. Mende, 43 F.3d 1298, 1301 (9th Cir. 1995) (prosecutor's comments not improper where they simply reminded jury that defense had failed to present certain evidence).

Applying the Jeffries principles to the instant case, petitioner's claim is without merit. Setting aside the issue whether the commentary was extensive, petitioner has not shown that the prosecutor's statements invited the jury to infer guilt from petitioner's silence. Rather, the prosecutor made these comments on the evidence to rebut directly trial counsel's closing argument: "I did not hear once during the closing arguments of [trial] counsel"; "In his argument, the defense said." Similar to the facts in Mende, cited above, the prosecutor simply commented on the fact that trial counsel failed to present certain evidence. Looking at the record before it, the Court cannot say that these comments were manifestly intended to call attention to the petitioner's failure to testify nor did they otherwise violate petitioner's constitutional rights.

**IV. Consecutive Sentences**

Petitioner contends that the trial court violated his constitutional rights when it imposed consecutive sentences without submitting the aggravating factors to a jury and therefore found to be true beyond a reasonable doubt. Pet., P. & A. at 15-16. The trial court selected the drug manufacturing conviction as the principal term and imposed

consecutive terms for the convictions for evading a police officer, transporting a controlled substance, and being a felon in possession of a firearm. Op. at 10.

Petitioner relies on Blakely v. Washington, 542 U.S. 296 (2004), in which the Supreme Court declared that a trial court has violated a criminal defendant's Sixth Amendment right when it "impose[s] a sentence greater than the maximum [it] could have imposed under state law without the challenged [judicial] factual finding." Id. at 303 (citing Apprendi v. New Jersey, 530 U.S. 466, 491-97; Ring v. Arizona, 536 U.S. 584, 603-09). The Court defined "statutory maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. (citing Ring, 536 U.S. at 602 (quoting Apprendi, 530 U.S. at 483)).

The state appellate court's decision on this issue is worth discussing at length. That court explained that in California, a trial court is statutorily mandated to determine whether two or more sentences are to run consecutively or concurrently.[3] Op. at 11. Though the duty to choose is mandatory, the choice itself is up to the discretion of the trial court, based on sentencing criteria that are guidelines, rather than rigid rules. Id. The state appellate court concluded that:

> Therefore, either a consecutive or concurrent term is within the trial court's discretion if the defendant has been found guilty of multiple crimes by the jury. The sentencing court need not make any additional finding of fact to impose a consecutive sentence. The jury verdict, not any additional finding of fact by the trial court, justifies the imposition of a consecutive term. [Citation omitted.] Thus, a consecutive term imposed under California law is a discretionary sentence choice that does not increase the penalty beyond the prescribed statutory maximum. It is not tantamount to . . . a Blakely exceptional sentence.

---

3. The relevant portion of the California statute reads as follows: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." Cal. Pen. Code § 669.

<u>Id.</u>

Petitioner's claim is without merit. The plain language of <u>Blakely</u> forecloses petitioner's claim: only sentences based on additional, non-jury findings and beyond the statutory maximum fall within <u>Blakely</u>'s protective orbit. Here, the trial court's decision under section 669 was based on the jury's findings, viz., the several convictions. Because the decision was based on the jury's findings and not on additional findings by the trial court, petitioner claim is simply not tenable. Furthermore, imposing consecutive rather than concurrent sentences does not increase the statutory maximum. Rather, the trial court determined the appropriate sentence for each individual conviction – individual sentencing determinations to which petitioner does not object to as exceeding the statutory maximum – and decided that they should run consecutively. Petitioner had to serve these sentences whether they were to be served consecutively or concurrently.

## CONCLUSION

Applying the highly deferential standard imposed by AEDPA, this Court concludes that the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). Accordingly, the Court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. The petition for writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 10, 2008

JAMES WARE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Abusafieh369.hcruling.md.wpd       11

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIEN ABUSAFIEH,<br><br>              Petitioner,<br><br>  v.<br><br>R.K. WONG, Warden,<br><br>              Respondent.           / | Case Number: CV06-06369 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   6/17/2008  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Amien Abusafieh T-79472
CSP SAC B3:116
P. O. Box 290066
Represa, CA 95671

Dated:   6/17/2008

                                                         Richard W. Wieking, Clerk
                                           /s/  By: Elizabeth Garcia, Deputy Clerk